UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ASHLEY ELIZABETH ADKINS,                                                      Petitioner,

v.                                                          Miscellaneous Action No. 3:18-mc-26-DJH

STATE OF KENTUCKY,                                                   Respondent.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Petitioner Ashley Elizabeth Adkins initiated this *pro se* action by filing a document captioned as a "'Writ of Execution' Judicial Order Enforcing Judgment" (Docket No. 2). Upon review, this action must be dismissed for the reasons stated herein.

### I.

In the heading of the initiating document, Petitioner references the Jefferson District Court and lists three state-court case numbers. The filing states the following:

> Ashley-Elizabeth; Adkins, Sui Juris, the Living Woman, Claimant Protected American State National, comes now by special appearance.
>
> [] Claimant's "Living Testimony in form of an Affidavit; a Challenge of Her Rights, Status, Standing & Jurisdiction; a Notice of Discovery of Fraud and Impropriety; a Writ of Habeas Corpus; and Demand for Remedy; and Claim for Compensation;" document was entered into the court and public record: September 27th, 2018 and October 24th, 2018. Claimant's "Living Testimony in form of an Affidavit . . ." document was served upon Judge Webb, Attorney Meihaus, Public Defender Forbush-Moss, Gaurdian Ad Litem Meschler and CHFS Worker B. Wheeler, signed by certified return receipt mail, September 27th, 2018 and October 12th, 2018.

(Ellipses used by Petitioner; emphasis by Petitioner omitted). The filing discusses an affidavit which Petitioner apparently signed. It states, "Truth as a valid statement of reality is sovereign in commerce; An unrebutted affidavit or declaration stands as truth in commerce; An unrebutted affidavit is acted upon as the judgment in commerce; Guaranteed – All men/women shall have a

remedy by the due course of law . . . ." The only claim for relief the Court can discern in the filing is Petitioner's statement as follows:

> As One of "We the People" I do hereby politely and with honor, command you, our public servants; to follow this Mandate directive and 1) Dismiss and Cancel the Illegitimate Trial scheduled for the 13th day of December, 2018; 2) Dismiss all Charges with extreme Prejudice; 3) Eliminate the Record; and Void Ab Initio.

(Emphasis by Petitioner omitted). To this filing, Petitioner attaches several documents, including purported affidavits and documents promoting "sovereign citizen" beliefs.

## II.

A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The "'Writ of Execution'" and its attachments evince that Petitioner's claims are premised on "sovereign citizen" theories, which have "been uniformly rejected by the federal courts" for decades. *Smith v. Hens*, No. 13-14013, 2014 U.S. Dist. LEXIS 100838, at *2-3 n.1 (E.D. Mich. July 24, 2014). "Sovereign citizen" arguments are "recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6 (N.D.N.Y. July 23, 2014); *see also United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting a criminal defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply."). Claims based on "sovereign citizen" theories may be dismissed without "extended argument" as patently frivolous. *United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999); s*ee also United States v. McQuarters*, No. 11- 51386, 2013 U.S. Dist. LEXIS 165189, at *5 (E.D. Mich. Oct. 11, 2013) (finding that "sovereign

citizen" arguments "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion'" (quoting *Apple v. Glenn*, 183 F.3d at 479), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 164785 (E.D. Mich. Nov. 20, 2013).

Accordingly, upon review of Petitioner's "'Writ of Execution'" and its attachments, the Court finds that this action meets the standard set forth in *Apple v. Glenn*. Therefore, this action must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## III.

The Court will enter a separate Order dismissing the instant action for the reasons stated herein.

Date: December 12, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Petitioner, *pro se*
4415.010